**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAWN LOVE, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-16-155-JHP-KEW
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Dawn Love (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 51 years old at the time of the ALJ's decision. Claimant obtained her GED with some college. Claimant has worked in the past as a school bus driver, charter bus driver, dispatcher, and certified nurse's aide in a convalescence center. Claimant alleges an inability to work beginning October 1, 2011 due to limitations resulting from brittle diabetes, diabetes, diabetic neuropathy, depression, multiple joint arthritis, and hypertensive

cardiovascular disease.

**Procedural History**

On August 21, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On August 27, 2012, Claimant filed by supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 21, 2014, Administrative Law Judge Deborah Rose ("ALJ") conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. On December 16, 2014, the ALJ issued an unfavorable decision. On February 26, 2016, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to provide specific reasons why Claimant's leg swelling and the effect of the swelling upon her mobility as found by her treating physician was rejected.

**Consideration of Claimant's Conditions**

In her decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus with neuropathy combined with obesity, history of right shoulder impingement syndrome (status post surgical repair), and degenerative joint disease of the right knee. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform a reduced range of sedentary work. In so doing, she found Claimant could lift and/or carry, push and/or pull up to ten pounds, could stand and/or walk up to two hours and sit up to six hours. Claimant could only occasionally climb, balance, stoop, kneel, crouch, crawl, or reach overhead. (Tr. 17).

After consulting with a vocational expert, the ALJ concluded Claimant could perform his past relevant work as a dispatcher. (Tr. 20). The expert also testified that Claimant retained the RFC to perform the representative jobs of front desk receptionist and telemarketer. (Tr. 21). As a result, the ALJ found Claimant was not disabled from October 1, 2011 through the date of the decision.

5

(Tr. 22).

Claimant's sole contention of error in the ALJ's decision lies with the assertion that her chronic leg pain with swelling associated with her diabetes mellitus, combined with Claimant's other conditions, precludes her ability to return to her past relevant work as a dispatcher. The ALJ clearly considered Claimant's leg swelling in the decision. Despite the state agency physicians concluding that Claimant could perform light work, the ALJ gave their opinions only "partial weight" because she found "claimant's symptoms of leg swelling limit her ability to stand and walk." She, therefore, limited Claimant to a reduced range of sedentary work. (Tr. 20).

Further, the ALJ recognized the findings of the consultative examiner, Dr. Robin Hall. Dr. Hall noted Claimant's leg swelling but also that she stated she could perform her activities of daily living. She also told Dr. Hall that Lasix helped alleviate her swelling. (Tr. 346). Despite Claimant's argument that the ALJ made a medical judgment that she failed to wear compression stockings, Dr. Hall states in her report that Claimant told her "[s]he has been told she needs to wear compression stockings, however, she does not wear them because they make her legs hurt and they are hard to put on." (Tr. 19; 346). Dr. Hall found that Claimant does not wear her

compression stockings as recommended. (Tr. 348). The ALJ was entitled to consider Claimant's non-compliance with treatment recommendations as one factor in concluding her symptoms were not as severe as she has alleged. Qualls v. Apfel, 206 F.3d 1368, 1373 (10th Cir. 2000). Dr. Hall also found Claimant ambulated with a stable, steady, and safe gait at an appropriate speed without the use of any assistive devices. (Tr. 348).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and

a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's RFC assessment was supported by substantial evidence. Claimant fails to direct this Court to any evidence in the medical record which supports a finding of further restriction upon Claimant's ability to engage in basic work activities or upon her return to her past relevant work due to her leg swelling or a combination of leg swelling with Claimant's other impairments.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE